USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/1/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUYCHRISTIAN AGBOR,

                             Plaintiff,

-v-

PRESIDENCY OF THE REPUBLIC OF
EQUATORIAL GUINEA, et al.,

                             Defendants.

18 Civ. 8611 (PAE)

<u>OPINION & ORDER</u>

---

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Guychristian Agbor, proceeding *pro se*, brings this action for breach of contract against the Presidency of the Republic of Equatorial Guinea, Obiang Nguema Mbasogo, and Dougan Champion Armando. Agbor alleges that Mbasogo, the President of Equatorial Guinea, breached an oral services contract by failing to pay Agbor for brokering an arrangement to bring the Miss Universe Organization's pageant to the Republic of Equatorial Guinea, and that Armando, an advisor to President Mbasogo, breached a written contract for the sale of goods by failing to pay Agbor for the procurement of 30 cellphones on behalf of defendants.

    Before the Court is the June 27, 2019 Report and Recommendation, Dkt. 59 (the "Report"), of the Hon. Robert W. Lehrburger, United States Magistrate Judge, as well as Agbor's objections, Dkt. 61 ("Objections"). The Report recommends that the Court dismiss Agbor's complaint in its entirety, with some claims dismissed with prejudice and others without. Insofar as defendants had sought dismissal of all claims with prejudice, the Report therefore recommends that the Court grant in part and deny in part the motion to dismiss. The Report further recommends that the Court deny five related motions made by Agbor.

For the following reasons, the Court adopts the Report in its entirety, with the exception that all of Agbor's claims shall be dismissed without prejudice.

## I. Applicable Legal Standard

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). However, where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted).

## II. Discussion

Agbor raises four objections to the Report.[1] First, Agbor objects to the Report's conclusion, fatal to both sets of claims, that the Court lacks personal jurisdiction over the defendants. Second, Agbor argues that his claims based on an alleged oral contract with President Mbasogo should not be precluded by the Statute of Frauds to the extent that Agbor can state a claim for promissory estoppel. Third, relevant to both sets of claims, Agbor objects to Judge Lehrburger's having taken judicial notice of the official address of the Permanent Mission of Equatorial Guinea. Fourth, Agbor argues that the Statute of Frauds should not preclude his claims based on the alleged oral contract with Mbasogo because he can state a claim for unjust enrichment.

The first two objections—relating to personal jurisdiction and promissory estoppel—restate nearly word for word the arguments plaintiff unsuccessfully presented to Judge Lehrburger. *Compare* Dkt. 44 ("Pl. Mem.") at 20-21 *with* Objections at 15-16 (presenting identical personal jurisdiction arguments); *and compare* Pl. Mem. at 12-14 *with* Objections at 36-38 (presenting nearly identical promissory estoppel arguments). The Court has carefully reviewed the Report's analysis of these issues and, finding no clear error, adopts the Report's conclusions. *See Telfair*, 2017 WL 1405754, at *1.[2]

Agbor next objects to "Judicial Notice of the official address of the Permanent Mission of Equatorial Guinea. . . ." Objections at 2. Specifically, Agbor argues that "the correct address [of

---

[1] Agbor's objections do not implicate the rest of the Report. Agbor explicitly "has no objection to this recommendation . . . that all of Plaintiff's motions should be denied." Objections at 18.

[2] Agbor also disputes the Report's factual finding that "Agbor failed to serve a summons alongside his complaint." Dkt. 59 at 34-35. But this argument, too, was presented to the Magistrate Judge and rejected. *See* Pl. Mem. at 22 ("[A]ll the lies about Plaintiff not delivering the summons is a pure fantasy."). Here, again, the Court does not find clear error with the Magistrate Judge's conclusion.

3

the Permanent Mission] is 800 2nd Avenue Suite 305, New York, NY 10017," and not "242 E 51st Street." Objections at 26.[3] Read in the light most favorable to a *pro se* plaintiff, Agbor's objection suggests that Judge Lehrburger's taking judicial notice of the purportedly incorrect address led to a flawed personal jurisdiction analysis in the Report. *See id.* at 25-27.

Even assuming *arguendo* that taking judicial notice of either or both of these addresses listed in official United Nations documents would be inappropriate, the address of the Permanent Mission has no bearing on Judge Lehrburger's conclusion that the Court lacks personal jurisdiction over defendants. Rather, the Report correctly reasoned, the Court lacks personal jurisdiction because Agbor failed to effectuate service properly under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602-11 ("FSIA"). In particular, 28 U.S.C. § 1608 provides "the sole basis for obtaining jurisdiction over a foreign state" in United States courts. *Republic of Austria v. Altmann*, 541 U.S. 677, 699 (2004); *see* Fed. R. Civ. P. 4(j)(1) ("A foreign state or its political subdivision, agency or instrumentality must be served in accordance with 28 U.S.C. § 1608."). The parties agree that the FSIA applies to defendants, Report at 34, and, as Agbor correctly conceded, "service on a foreign consulate or mission is inconsistent with [the] FSIA," Pl. Mem. at 20. Regardless of the Permanent Mission's correct address, such improper service would deprive the Court of personal jurisdiction over defendants. Indeed, the Report's elucidation of the various ways in which Agbor failed to adhere to any of the FSIA's four acceptable methods of service does not make any mention of the Permanent Mission's address. Report at 33-35. The Court therefore adopts the Report's analysis and its conclusion that

---

[3] A fair reading of the Report makes clear that Judge Lehrburger took judicial notice of *both* addresses, which have each been listed on the United Nations website as the official address of the Permanent Mission. The Report noted that "[i]t is unclear whether both addresses are currently used by Equatorial Guinea." Report at 33 n.14.

4

personal jurisdiction is lacking due to improper service under the FSIA, and thus, at a minimum, dismissal without prejudice is required.

Agbor's final objection relates to his claim of a breach of his oral contract to procure the Miss Universe pageant for the Republic of Equatorial Guinea. The Report recommends dismissal of this claim with prejudice because, *inter alia*, "the New York Statute of Frauds requires a writing to show the existence of the contract . . .[, and] Agbor has not alleged any such writing here."[4] Report at 40. Agbor objects on the ground that he is alternatively entitled to recover under a theory of unjust enrichment. Objections at 38-39.

Under New York law, a "theory of unjust enrichment is not precluded by the statute of frauds" where "it is not an attempt to enforce the oral contract." *Castellotti v. Free*, 138 A.D.3d 198, 208 (1st Dep't 2016).[5] However, an unjust enrichment claim will be precluded if it seeks the same relief that was barred by the Statute of Frauds. *Id.* (citing *Komolov v. Segal*, 117 A.D.3d 557, 557 (1st Dep't 2014); *Andrews v. Cerberus Partners*, 271 A.D.2d 348, 348 (1st Dep't 2000)). Such is the case here: Agbor seeks to use a theory of unjust enrichment not only to obtain the same relief barred by the Statute of Frauds, but also to enforce the oral contract itself. Such a claim is clearly precluded under New York law.

However, having found that it lacks personal jurisdiction over defendants, the Court may not rule on the merits of the case. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir.

---

[4] In this regard, the Report distinguished between Agbor's claims regarding the Miss Universe Pageant, as to which it found amendment futile given the absence of the writing required by the Statute of Frauds, and Agbor's claims regarding the procurement of cellphones, as to which the Report concluded that "[s]hould Agbor properly effectuate service of his Complaint, he may pursue his claim for the price of the cellphones." Dkt. 59 at 43.

[5] The parties appear to agree that New York law applies to the alleged oral contract regarding the Miss Universe Organization.

2016) ("[W]ithout jurisdiction, the district court lacks the power to adjudicate the merits of the case . . . [or] dismiss a case with prejudice."); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)."). Accordingly, although the Report's analysis of the merits appears sound, because the Court found a lack of jurisdiction, dismissal with prejudice was not warranted. On this sole issue, the Court does not adopt the Report.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Lehrburger's June 27, 2019 Report and Recommendation, except for the recommendation to dismiss with prejudice Agbor's claim based on his alleged oral contract with Mbasogo.

It is hereby ordered that: (1) defendants' motion to dismiss is granted in part and denied in part insofar as plaintiff's claims are dismissed without prejudice; (2) plaintiff's motions for default judgment against each of the three defendants are denied, and the certificates of default currently entered against defendants are lifted; (3) plaintiff's motion for reconsideration of the May 1, 2019 Order, which granted, *nunc pro tunc*, defendants' motion for an extension of time to file a responsive pleading, is denied; and (4) plaintiff's motion for sanctions against defendants is denied.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 1, 2019
New York, New York