UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUYCHRISTIAN AGBOR,

                                      Plaintiff,

           -v-

PRESIDENCY OF THE REPUBLIC OF
EQUATORIAL GUINEA, et al.,

                                      Defendants.

18 Civ. 8611 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Guychristian Agbor, proceeding *pro se*, brings this action for breach of contract against the Presidency of the Republic of Equatorial Guinea, Obiang Nguema Mbasogo, and Dougan Champion Armando. Agbor alleges that Mbasogo, the President of Equatorial Guinea, breached an oral services contract by failing to pay Agbor for brokering an arrangement to bring the Miss Universe Organization's pageant to the Republic of Equatorial Guinea, and that Armando, an advisor to President Mbasogo, breached a written contract for the sale of goods by failing to pay Agbor for the procurement of 30 cellphones.

Before the Court is the August 16, 2021 Report and Recommendation, Dkt. 107 (the "Report"), of the Hon. Robert W. Lehrburger, United States Magistrate Judge. The Report recommends that the Court dismiss Agbor's complaint with prejudice in its entirety, because the statute of limitations as to the written complaint has elapsed and Agbor's defense of equitable estoppel fails, and because the oral contract should be dismissed pursuant to the statute of

frauds.[1] *Id.* at 1–2. The Court incorporates by reference the summary of the facts provided in the Report. *Id.* at 3–7. For the following reasons, the Court adopts this recommendation.

## I. Applicable Legal Standard

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

## II. Discussion

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Lehrburger's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "the parties shall have fourteen (14) days to file written objections to this Report and Recommendation" and that "[f]ailure to file timely objections will result in waiver of objections and preclude appellate review," Report at 20 (emphasis omitted). Therefore, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

---

[1] The Report also observes that the parties "appear to have proceeded based on the incorrect assumption that the claim previously had been dismissed with prejudice." Report at 1. In fact, the claim was dismissed without prejudice. *See* Dkt. 62 at 6. Therefore, the Report considered it and found that it should be dismissed with prejudice at this juncture. Report at 18–20.

2

## III. Conclusion

For the foregoing reasons, the Court grants defendant's motion to dismiss in its entirety. The Clerk of Court is respectfully directed to terminate the motion pending at docket 97 and close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 1, 2021
New York, New York